FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN 16  PM 6: 47

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAURICE ANTHONY JOHNSON,

 *Plaintiff,*

v.

MERCHANTS TERMINAL
CORPORATION,

 *Defendant.*

Civil Action No.: ELH-16-838

## MEMORANDUM

On March 21, 2016, plaintiff Maurice Anthony Johnson, who is self-represented, filed an employment discrimination suit against his former employer.  ECF 1.  The caption names one defendant, Merchants Terminal Corporation.  However, in the body of the Complaint, plaintiff identifies two additional defendants: Jeff Carden and Ken Johnson.  *Id.* at 6-7.  Plaintiff alleges that he suffered discrimination based on race, in the form of harassment and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").  ECF 1 at 1-2.  Plaintiff seeks, *inter alia*, punitive damages; injunctive relief; back pay; reinstatement to his former position; costs; and attorney's fees.[1]  *Id.* at 3-4, 11.

On April 27, 2016, defendant, MTC Logistics, Inc. ("MTC"),[2] filed a "Motion to Dismiss Plaintiff's Title VII Individual-Capacity Claims against Defendants Ken Johnson and Jeff

---

[1] Notwithstanding plaintiff's request for attorney's fees, plaintiff is not represented.

[2] According to MTC (ECF 6 at 1), it is "improperly named as Merchants Terminal Corporation" in the Complaint.

Carden" (ECF 6), supported by a memorandum of law. ECF 6-1 (collectively, the "Motion").
As MTC notes, ECF 6-1 at 1 n.2: "Carden and Johnson are not identified as Defendants on the
Court's Civil Docket in this case, however, they are specifically named as Defendants by
Plaintiff." Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), MTC seeks the dismissal of
plaintiff's "individual-capacity claims" against Johnson and Carden. ECF 6-1 at 1.

On April 28, 2016, the Clerk sent a notice to plaintiff advising him of his right to
respond. ECF 7.[3] Plaintiff has not responded to the Motion, and the time to do so has expired.
*See* Local Rule 105.2.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons
that follow, I will grant the Motion.

## I. Factual and Procedural Background[4]

Plaintiff, who is "Black" (ECF 1-2 at 1), alleges that he was terminated by MTC on
March 11, 2014. ECF 1 at 2. In relevant part, plaintiff contends, *id.* at 2-3 ¶ 6:

> 6. The facts of my claim are: Was terminated unjustly and wrongfully
> three different times before last and final termination. White employees created
> and caused gross missconduct [sic] and is [sic] currently employed. Had been
> harassed, threatened, suspended, and terminated on numerous occasions.
>
> Employer can[']t justify or explain honestly why I was terminated.
> Employer fabricated acts of gross misconduct to terminate. Employer did not
> honor the union contract. Harassment initially started Sept 2010 until March 11,
> 2014.

---

[3] *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff was also advised
of the time by which to respond, and that failure to respond could result in the dismissal of the
case. *See* ECF 7.

[4] Because plaintiff is self-represented, his submissions must be liberally construed.
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, given the posture of the case, I shall
assume the truth of plaintiff's allegations.

In the Complaint, plaintiff also alleges that Jeff Carden, a "[p]lant manager," "fabricated acts of conduct to discharge [plaintiff] without following union [sic] contract." *Id.* at 8. Plaintiff also alleges that Carden "terminated and harassed, suspended, threaten [sic] [him] on a regular basis." *Id.* at 10. Further, plaintiff alleges that Ken Johnson, the "President," "allowed this action." *Id.* at 8.

According to plaintiff, on June 20, 2014, he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). ECF 1 at 3 ¶ 9. Plaintiff has also submitted a letter to plaintiff from the EEOC's Baltimore Field Office, dated December 18, 2015. ECF 1-2 at 1-2. It says, in relevant part, *id.* at 1:

> Having considered all the information provided by both you and [MTC], the Commission is unable to conclude that the information obtained establishes a violation of the statute as you've alleged. The evidence gathered shows [MTC] discharged you from employment as a result of information and observances it saw while you were working on March 11, 2014.

The letter also said, *id.* at 2: "[Y]ou are being issued a Dismissal and Notice of Rights which affords you the opportunity to take this matter into Federal Court. You have the right to file a lawsuit against the employer within 90 days from the date you receive the Dismissal and Notice of Rights."

Plaintiff maintains that he received a right-to-sue letter on December 23, 2015. ECF 1 at 3 ¶ 10. As noted, on March 21, 2016, plaintiff filed this action. ECF 1.

## II.    Discussion

### A. Standard of Review

The Motion is premised, in relevant part, on Fed. R. Civ. P. 12(b)(6). ECF 6 at 1. A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule

12(b)(6). *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Therefore, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at

- 4 -

555. Moreover, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Put another way, in reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[ ] on

the face of the complaint,'" or in other material that is the proper subject of consideration under Rule 12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*); *see Houck*, 791 F.3d at 484.

### B.    Discussion

MTC submits, ECF 6-1 at 3: "To the extent Plaintiff's attachment to his Complaint asserts individual-capacity claims against Defendants Ken Johnson and Jeff Carden, those claims must be dismissed because individual Defendants are not subject to suit under Title VII . . . ." I agree.

A person can only be liable under Title VII in his or her individual capacity if that person qualifies as an "employer" within the meaning of the statute. *See Brooks v. Arthur*, 626 F.3d 194, 203 (4th Cir. 2010) ("Title VII 'foreclose[s] individual liability'") (quoting *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998)); *Lissau*, 159 F.3d at 181 (concluding that "supervisors are not liable in their individual capacities for Title VII violations"); *cf. Luy v. Balt. Police Dept.*, 326 F. Supp. 2d 682, 688 (D. Md. 2004) (dismissing Title VII claim against police commissioner), *aff'd*, 120 Fed. Appx. 465 (4th Cir. 2005); *Erskine v. Bd. of Educ.*, 197 F. Supp. 2d 399, 405 (D. Md. 2002) (concluding that plaintiff "cannot bring a Title VII action against the individual supervisors"). The Complaint identifies Carden and Johnson as supervisors employed by MTC. Accordingly, plaintiff's Title VII claim cannot proceed against Carden or Johnson.

In light of the foregoing, I need not consider defendant's argument in favor of dismissal under Fed. R. Civ. P. 12(b)(5).

### III. Conclusion

As a matter of law, plaintiff's Title VII claim as to Jeff Carden and Ken Johnson must be dismissed.  An Order follows.


Date: June 16, 2016                    _____/s/_____
                                       Ellen Lipton Hollander
                                       United States District Judge